Opinion by
White, P. J.

(Transferred from Austin. J

§ 312. Appeal from justice's court; process to compel the justice to send up papers, etc. Appellee recovered of appellant a judgment in justice’s court. Appellant executed within the time, and in compliance with law, an appeal bond appealing the case to the county court. This appeal bond was approved and filed by the justice, but notwithstanding this, the justice failed and refused to send up the papers in the case, and a transcript of the *271 proceedings therein, as required by law [R. S. arts. 1640, 1641], and issued an execution on the judgment. Appellant thereupon applied to the county judge for process to compel the justice to send up the papers, etc., to the county court. This application was by petition setting forth the facts, and praying the court to ‘ ‘ grant and issue its writ of certiorari with such mandate as will compel the said justice to send up the record as under appeal in said cause, and that the cause be tried de novo in the county court.” The petition was verified by affidavit. The judge ordered the writ as prayed for to issue upon appellant’s giving bond. Bond was given, writ issued, and the papers, etc., in the case before the justices were sent up to the county court in obedience to the writ, and filed in said court. Upon motion of appellee the county court dismissed the petition and also dismissed the appeal, refusing appellant a trial de novo. Held, error. The execution of the appeal bond perfected the jurisdiction of the county court, and that court or the judge thereof could issue any writ necessary to enforce its jurisdiction. [Const, art. Y, sec. 16.] The court below treated the case as purely a certiorari, as that proceeding is prescribed and provided for by statute. [R. S. art. 299 et seq.~] An appeal by certiorari was not the object and purpose of the petition, but it was to procure from the county court a writ which would compel the justice to send up the papers, etc., in the appeal which had been perfected. The relief desired was more in the nature of a mandamus than a certiorari. But the process granted served the purpose of bringing the papers, etc., up to the county court, and by virtue of the fact that that court had jurisdiction on the perfected appeal, the case should not have been dismissed, but a trial de novo should have been had therein. [Witt v. Kaufman, 25 Tex. Sup. 384; W. & W. Con. Rep. § 459.]
October 15, 1884.
Reversed and remanded.